IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | Criminal No. 08-186-1 |
| : | |
| BURNIE MAJEED : | |

ORDER

AND NOW, this 4th day of August 2009, upon consideration of Defendant Burnie Majeed's Motion to Exclude Other Crimes Evidence (Doc. No. 92), the Government's Motion in Limine to Admit Tax Returns and Evidence of the Failure to File Tax Returns and Evidence of the Prior Relationship of Conspirators, Defendant Burnie Majeed's Response in opposition thereto (Doc. No. 107), and the Government's reply in support thereof, it is hereby ORDERED that Defendants' Motions are GRANTED in part and DENIED in part as follows:

1. The evidence concerning Majeed's tax returns and failure to file tax returns is conditionally admissible under Rule 404(b). The Government's presentation of the tax evidence is therefore conditioned upon this Court's finding, following the Government's presentation of the straw purchase evidence, that the jury could reasonably find by a preponderance of the evidence that Majeed provided the funds with which his girlfriend purchased a home in Delaware on June 30, 2006.

2. The proposed evidence of the relationship between the co-conspirators is admissible under Rule 404(b). This proposed evidence includes the testimony of Majeed's co-conspirators regarding their drug-related relationship prior to the start of the investigation and the evidence relating to the January 2, 2006, telephone call between Cauthorn and Majeed in which they discussed the shooting of Jamille Barksdale.

3. Counsel for Defendants Majeed and Gandy may submit proposed limiting jury instructions regarding the above-mentioned evidence on or before August 31, 2009.

BY THE COURT:

/s/Legrome D. Davis
U.S. District Court Judge